UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS ROADHOUSE, INC., TEXAS ROADHOUSE HOLDINGS LLC, TEXAS ROADHOUSE MANAGEMENT CORP.,<br><br>Defendants. | Civil Action No. 1:11-cv-11732<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## **NATURE OF THE ACTION**

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to a class of unidentified individuals who were denied employment by Defendants because of their age. As alleged with greater particularity in paragraphs 8(a) through (d) below, statistical, documentary and anecdotal evidence will establish that, nation-wide, Defendants failed to hire employees within the protected age group in violation of the ADEA. As a result of this discriminatory treatment, these unidentified employees have suffered lost wages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)(the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Texas Roadhouse, Inc., and its wholly-owned subsidiaries Defendants Texas Roadhouse Holdings LLC and Texas Roadhouse Management Corp., have continuously been corporations doing business in the Commonwealth of Massachusetts and locations throughout the United States, and have each continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(d).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, the Director of the Boston Area Office of the EEOC initiated an investigation, alleging violations of the ADEA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 1, 2007, Defendants have engaged in unlawful employment practices at their facilities nationwide in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). These unlawful practices include, but are not limited to, the following:

(a) Since at least January 1, 2007, Defendants have subjected a class of aggrieved applicants for front of the house and other publicly visible positions to an ongoing pattern or practice of discriminatory failure to hire such persons because of their age, 40 years and older (hereafter "the protected age group").

(b) Approximately only 1.9% of Defendants' front of the house employees is in the protected age group. This figure is well below the protected age group's representation in the general population of Defendants' locations, well below the protected age group's representation in Bureau of Labor Statistics data for such positions within the industry, and well below the protected age group's representation in the pool of applicants for positions with Defendants. These disparities are statistically significant.

(c) Since at least January 1, 2007, Defendants, either directly or implicitly, have instructed their managers to hire job applicants not in the protected age group. For example, one powerpoint used for the purpose of training managers regarding hiring starts with a slide that states "Step 1: Know what [a front of the house employee] looks like", and then the next slide answers with a group picture of young people shouting and making gestures. In addition, all of

the images of employees in Defendants' training and employment manuals are of young individuals.

(d) Defendants' hiring officials have told older unsuccessful applicants that "there are younger people here who can grow with the company"; "you seem older to be applying for this job" and "do you think you would fit in?"; the restaurant was "a younger set environment"; "we are looking for people on the younger side... but you have a lot of experience"; "How do you feel about working with younger people?"; "we think you are a little too old to work here… we like younger people"; "we're hiring for greeters but we need the young, hot ones who are 'chipper' and stuff"; "our age group is in their young 20s, college students"; "I'm basically looking for young teenagers"; and "we really go with a younger crowd and have a younger establishment."

9. The effect of the practices complained of in paragraphs 8(a) through (d) above has been to deprive a class of potential employees in the protected age group of equal employment opportunities and otherwise to affect adversely their status as applicants or potential employees, because of their age.

10. The unlawful employment practices complained of in paragraphs 8(a) through (d) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to, individuals aged 40 years of age and older that were not hired because of their age.

D. Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to instatement, reinstatement, provide front pay in lieu of reinstatement, or otherwise make whole individuals denied employment because of their age.

E. Order Defendants to advertise, at their expense, to identify presently unidentified protected age group applicants.

F. Order Defendants to provide training for supervisors and managers at all corporate levels, specific to the ADEA.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 30, 2011
       Boston, Massachusetts

                        Respectfully submitted,

P. David Lopez
General Counsel
James L. Lee
Deputy General Counsel
Gwendolyn Y. Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
4th Floor, Room 5SW30B
Washington, D.C. 20507-0100

/s/Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney
Elizabeth.Grossman@eeoc.gov

/s/Robert D. Rose_____
Robert D. Rose
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
New York, NY 10004-2112
Robert.Rose@eeoc.gov

/s/Markus L. Penzel_____
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building, Room 475
Boston, MA 02203-0506
(617) 565-3193
Markus.Penzel@eeoc.gov