UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    Plaintiff,

v.                                                            CIVIL ACTION NO. 11-11732-DJC

TEXAS ROADHOUSE, INC., TEXAS
ROADHOUSE HOLDINGS LLC, and
TEXAS ROADHOUSE MANAGEMENT
CORP., d/b/a TEXAS ROADHOUSE,
    Defendants.

ORDER ON PLAINTIFF'S MOTION TO QUASH SUBPOENAS
AND FOR PROTECTIVE ORDER (#109)

KELLEY, U.S.M.J.

Familiarity with the background of this case as set forth in the Court's Order on Motion No. 132 is presumed.

The EEOC has moved to quash eleven third-party subpoenas issued by defendants to current employers or former employers of nine claimants in the lawsuit. The Court ALLOWS the motion to quash, subject to the EEOC promptly providing defendants information relevant to mitigation, including job titles, dates of employment, and wages. The Court orders the EEOC to file a status report within seven days of the date of this Order informing the Court of the progress it has made toward providing this discovery to the defendants.[1]

---

[1] Defendants rightly complain that they need this information prior to deposing claimants. At the hearing on August 21, 2014, plaintiff handed the Court a chart titled "Status of Discovery Related to Third Party Subpoenas" which showed various missing items for 28 claimants' employment records. The Court

1

Defendants issued subpoenas to six current employers and five former employers of nine claimants in the lawsuit.[2] (#109, exh. 1) Although defendants characterize the information they are seeking as "a limited slice of documents," and deny that they are asking for "entire personnel files" (#111, pp. 4, 2), plaintiff correctly notes that the information "essentially tracks Massachusetts' statutory definition of an employee's personnel record." *See* Mass. Gen. L. c. 149, § 52C. (#114, p. 4)

The EEOC contends that the subpoenas are "an unjustified fishing expedition not calculated to lead to the discovery of admissible evidence"and complains that they will subject claimants to "undue annoyance, embarrassment, and oppression within the meaning of Rule 26(c)" and "harassment and intimidation by interfering with and potentially jeopardizing their current employment and/or by adversely affecting relationships with past employers." Finally, the EEOC asserts that "the few discovery requests that are reasonably related to mitigation, i.e., compensation and earning information, and termination information," can be obtained from less burdensome sources. (#109)

Defendants respond that they have a right to discover "evidence concerning the qualifications, credibility, and mitigation efforts of the EEOC's identified Claimants," that the EEOC has not shown that the claimants will suffer undue annoyance, embarrassment, and oppression by

---

ordered plaintiff to acquire the missing information and provide it to defendants as soon as possible. (Transcript, # 164, p. 118)

[2] The subpoenas ask for applications, cover letters, resumes, any correspondence "reflecting [the employee's] qualifications," employment agreements, offer letters, compensation agreements, documents reflecting the position held, dates of employment, performance reviews, disciplinary or corrective counseling, compensation, benefits, documents concerning the employee's leaves, documents concerning termination, and any documents, including communications between the employer, the employer's counsel, the employee, and their counsel, about the employee's termination. (#109, exh. 1)

2

issuance of the subpoenas, that the information sought is limited, and that performance, discipline, terms and conditions of employment, and termination documents are relevant to claimants' qualifications for a job with Texas Roadhouse, and to mitigation of damages. (#111)

A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement. While relevance is generously construed, "[a] party . . . from whom discovery is sought may move for a protective order . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Under Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit." *Gill v. Gulfstream Park Racing Association, Inc.*, 399 F.3d 391, 400 (1st Cir. 2005). The Court thus engages in a balancing test, weighing the defendants' need for this information, the availability of other means of obtaining it, and the burden placed on the claimants by the subpoenas.

The subpoenas seek personnel files, which courts have noted contain private information. *Whittingham v. Amherst College*, 164 F.R.D. 124, 127-28 (D. Mass. 1995) (citing *Miles v. Boeing, Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) (personnel files are confidential, discovery concerning them should be limited)). *See also Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (party has "personal right" with respect to employment records). In addition, courts have recognized that subpoenas directed at litigants' employers concerning disputes with past employers can have a "'direct negative effect'" on present employment and "'should be used only as a last resort.'" *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010) (quoting *Conrod v. Bank of N.Y.*, 1998 WL 430546, at *2 (S.D.N.Y. July 30, 1998) (vacated pursuant to settlement))*; Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (plaintiff had

3

"a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job."); *Hunsaker v. Proctor & Gamble Mfg. Co.*, 2010 WL 5463244, *6 (D. Kan. Dec. 29, 2010) (court ordered plaintiff to provide payroll and benefits information without a subpoena to his employer, risk of harming relationship with current employer "outweighs any need for Defendant to obtain further confirmation" of information sought). A case which the defendants cite for the proposition that documents concerning the terms and conditions of the claimants' subsequent employment are relevant to mitigation, *Langen v. Wells Fargo Bank, N.A.*, 2012 WL 4473305, at *2 (C.D. Ill. Sept. 26, 2012), in fact states that a defendant should first attempt to secure the employment information in discovery before issuing subpoenas for it. The specter of retaliation against claimants as a result of subpoenas alerting employers that they are part of a lawsuit against a former employer is especially troublesome in cases such as this one, where the parties agree that the claimants are "low wage workers"(defendants, #111, p. 9; plaintiffs, #110, p. 3 (jobs at issue in this case are "relatively unskilled positions, such as food servers, bartenders, host, and busboy positions"), who presumably have less job security than those with higher status.

Defendants argue that the only way they can discover unsuccessful applicants' qualifications is by subpoenaing subsequent employers so that they can inspect job applications and other documents. (#111, p. 5) The claimants, however, applied for jobs with defendants, so defendants know what their qualifications were at the time they sought employment with Texas Roadhouse. Defendants can depose claimants about any specialized training, education, or other qualifications they possess that they did not inform Texas Roadhouse of at the time they applied there.

Defendants further argue that "documents concerning the terms and conditions of the

4

Claimants' subsequent employment are relevant as to whether the Claimants actually sought comparable employment to mitigate their damages." (#111, p.7) Subpoenas to employers, however, are not the only way to discover this information. The EEOC can provide defendants with the names of subsequent employers, job titles, and salary. Again, defendants are free to depose claimants under oath about the details of their subsequent jobs, including terms and conditions of employment.

Finally, defendants argue that evidence that claimants' "performance at other employers was deficient . . . all would be logically related to Defendants' defense that Claimants were not hired because they were not qualified for a front of house position." (#111, p.6) To the contrary, the factual issue at trial will be what Texas Roadhouse knew about the potential employee at the time of the alleged discrimination, not whether shortcomings surfaced at subsequent jobs. "[I]nformation acquired after the alleged discrimination obviously could not have been the basis for the challenged acts." *Turnley v. Banc of America Inv. Services, Inc.*, 2008 WL 5412886, at *2 (D. Mass. Dec. 8, 2008).

In sum, defendants are entitled to discover job titles, dates of employment, and wage and benefits information pertaining to claimants' jobs after their unsuccessful applications to Texas Roadhouse.[3] Claimants can be deposed concerning their qualifications and attempts to mitigate. As ordered above, the EEOC must provide this information to defendants as soon as possible, and shall file a status report with the Court within one week of the date of this Order explaining what

---

[3] The EEOC has conceded that with respect to certain claimants, employment at particular jobs ends their claims for back pay. Compensation information for these employers thus is irrelevant to mitigation or any other claim in the case. Job titles, however, are relevant to claimants' qualifications, and thus, mitigation, and should be disclosed.

discovery it has provided and what efforts are being made to provide any discovery that is still missing.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

September 9, 2014.