UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
    Plaintiff,

v.                                                      CIVIL ACTION NO. 11-11732-DJC

TEXAS ROADHOUSE, INC., TEXAS
ROADHOUSE HOLDING LLC, TEXAS
ROADHOUSE MANAGEMENT CORP.,
d/b/a TEXAS ROADHOUSE,
    Defendants.


ORDER ON DEFENDANTS' MOTION FOR
PROTECTIVE ORDER (#119)

KELLEY, U.S.M.J.

Familiarity with the background of this case as set forth in the Court's order on Motion No. 132 is presumed.

Defendants seek to put a Protective Order in place to protect information produced in discovery. After successfully negotiating most of the terms of a proposed order, the parties brought two disputes to the Court. First, plaintiff did not want to agree with defendants' request that a witness or claimant who is shown documents that the parties have designated as confidential must sign an agreement stating that they will abide by the Protective Order, and that a list of such witnesses must be kept on file by the plaintiff. At oral argument on August 21, 2014, the Court ruled that this procedure would be put in place over the plaintiff's objection. The parties then agreed to work out the terms of this dispute, agreeing that the plaintiff will not have to reveal the list of persons who signed the agreement to the defendants unless the Court orders them to do so. Further,

if a witness is shown only documents that pertain to that witness (such as the witness's own questionnaire or employment application), then the witness will not have to sign the agreement.

Second, the defendants requested that the Court order that any confidential information revealed in discovery in this case may not be used by the EEOC in separate enforcement activities against defendants. (#120, p. 2) The Court agrees with the EEOC that this order is unwarranted, and directs the parties to utilize the language from *EEOC v. Sterling Jewelers Inc.*, 2011 WL 4745362, at *3 (W.D.N.Y. Oct. 7, 2011) in their proposed Protective Order:

> EEOC may use confidential information in furtherance of its enforcement activities in any related matter in which the party designating such information as confidential has been named as a party, but must treat such information as confidential pursuant to the terms of this Order, until such time as the confidential designation is withdrawn either by agreement of the parties or by court order.

The Court thus orders the parties now to submit an agreed-upon Protective Order to the Court within seven days of the date of this Order.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

September 9, 2014.