UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
    Plaintiff,

v.                                      CIVIL ACTION NO. 11-11732-DJC

TEXAS ROADHOUSE, INC., TEXAS
ROADHOUSE HOLDINGS LLC, and
TEXAS ROADHOUSE MANAGEMENT
CORP., d/b/a TEXAS ROADHOUSE
    Defendants.

ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
REGARDING RULE 30(b)(6) DEPOSITION AND DEPOSITIONS OF
EEOC INVESTIGATOR AND OTHER STAFF (#132)

KELLEY, U.S.M.J.

I. INTRODUCTION

The United States Equal Employment Opportunity Commission ("EEOC") has brought suit against defendants, Texas Roadhouse, Inc., Texas Roadhouse Holdings LLC, and Texas Roadhouse Management Corp. (collectively, "Texas Roadhouse") charging that they unlawfully denied jobs to thousands of applicants age 40 and over at restaurants across the country by failing to hire them for "front of the house" positions because of their age. (Amended Complaint #35) The EEOC brought the action under Section 4 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a).

The Director of EEOC's Boston Area Office started the action against Texas Roadhouse by letter dated March 30, 2009 (the "Charge of Discrimination") alleging violations of the ADEA by Texas Roadhouse. (#35 ¶ 25) The Charge of Discrimination informed defendants that the

investigation would reach back to January 1, 2007, and requested, among other things, information concerning hiring policies and employee information for Texas Roadhouse's New England and New York restaurants. Soon after, the EEOC began requesting information from Texas Roadhouse about all but one of its restaurants nation-wide. Over the next eighteen months, Texas Roadhouse and the EEOC engaged in a series of communications which culminated in the EEOC's sending Texas Roadhouse a Determination on the Charge of Discrimination ("Letter of Determination") dated October 8, 2010, in which the EEOC informed defendants that it had determined that they had engaged in "a nationwide pattern or practice of age discrimination in hiring . . . ." Conciliation efforts began on October 8, 2010 and concluded eleven months later on September 6, 2011. (EEOC's Memorandum In Support #122, pp. 3-8)

On August 21, 2014, this Court heard oral argument on several motions filed by the parties ("the hearing"), including motions filed by the EEOC for summary judgment in which the EEOC seeks to limit Texas Roadhouse from raising certain defenses, motions for protective orders, and various discovery motions. The motions are interrelated. For example, if Texas Roadhouse is precluded from raising certain defenses, as the EEOC argues it should be, then discovery pertaining to those defenses would be curtailed as irrelevant. Although this Order pertains to one motion, the Court's rulings on other motions will be referenced when they are relevant to the ruling on this motion.

On April 1, 2014, Texas Roadhouse noticed the depositions of four employees of the EEOC and then on April 2, 2014, noticed a Rule 30(b)(6) deposition to the EEOC. (Declaration of Markus L. Penzel #134, exh. 1 and 2) Texas Roadhouse listed topics that it proposed to cover in the Rule 30(b)(6) deposition. (#134, exh. 1) The EEOC filed a motion for a protective order and moved the

2

Court to quash the subpoenas. (#132)

For the reasons set out below, the Court agrees in part with the EEOC and grants its Motion for Protective Order concerning the Rule 30(b)(6) deposition. The Court does not, however, agree with the EEOC concerning the deposition of one of the two of the employees noticed by Texas Roadhouse.[1] After careful consideration of the parties' pleadings and the particular facts of this case, the Court permits the deposition of Kenneth An, who was the lead investigator on this case.

## II. LEGAL STANDARD

Rule 30(6)(b), Fed. R. Civ. P., permits deposition discovery directed to an organization, including a governmental agency. The deposition notice "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The organization must designate a person or persons who will testify on its behalf and "it may set out the matters on which each person designated will testify." *Id*. "The persons designated must testify about information known or reasonably available to the organization." *Id.*

The scope of this discovery is limited by Rule 26, which permits a court to limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure if it concludes that "the discovery sought is unreasonably cumulative or duplicative"; "can be obtained from another source that is more convenient, less burdensome, or less expensive"; if "the party seeking discovery has had ample opportunity to obtain the information by

---

[1] In addition to the deposition noticed pursuant to Rule 30(b)(6), defendants noticed the depositions of four EEOC employees. At the hearing, EEOC counsel explained that one of the four employees is an "IT worker" who was not involved in the investigation. (Transcript, #164, p. 56). The second employee, Joanne Golden, is "a former temporary employee of the agency" (#133, p. 16) and was an investigator on the case (#117, exh. 2, p. 14). The remaining two employees are Robert Sanders, the retired Director of EEOC's Boston Area Office, and Kenneth An, the current Director of EEOC's Boston Area office and the former lead investigator on this case.

3

discovery"; or if the court, in balancing "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues . . ., and the importance of the discovery" to the issues, finds that the burden of producing the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). A court may enter a protective order on matters relating to a deposition for good cause to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Finally, a court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3).

The EEOC is not exempt from Rule 30(b)(6) depositions, nor are EEOC employees immune from being deposed. "The EEOC, like other litigants, is subject to a Rule 30(b)(6) deposition. The propriety of the information sought, however, depends on the specific topics identified in each individual case." *U.S. EEOC v. Source One Staffing, Inc.*, 2013 WL 25033, at *4 (N.D. Ill. Jan. 2, 2013); *EEOC v. McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809 (D. Md. June 22, 2010) (protective order appropriate for Rule 30(b)(6) deposition if topics are objectionable under Rule 26).

### III. FACTS

Texas Roadhouse seeks to depose the EEOC's 30(b)(6) witness on the twelve topics set out below.[2] The plaintiff complains that the topics seek information that has already been provided in discovery; is irrelevant; intrudes on the attorney-client privilege, governmental deliberative process privilege and work product privilege; and can be provided through less burdensome means.

---

[2] Texas Roadhouse withdrew topics 12 and 13. (#134, exh. 6)

Defendants assert that EEOC representatives are commonly deposed; that defendants are entitled to seek "factual support regarding the scope and timeliness of the EEOC's investigation and subsequent lawsuit"; that they are entitled to examine the EEOC's delay in bringing the lawsuit; that they are entitled to seek discovery concerning the EEOC's conciliation efforts; and that they are entitled to discover information regarding the EEOC's "media campaign" concerning the present case. (Defendants' Opposition to Plaintiff's Motion for a Protective Order # 148)

The topics listed below are very similar to ones considered by the court in *EEOC v. McCormick & Schmick's Seafood Restaurants, Inc., supra*, where the court found that a Rule 30(b)(6) deposition was unwarranted because the topics noticed would effectively result in the deposition of opposing counsel, other means of obtaining the discovery were available, and such a deposition would likely invade attorney opinion work product and be an undue burden on the parties and the court. The Court there cited to another case, *S.E.C. v. SBM Inv. Certificates, Inc,* 2007 WL 609888 (D. Md. Feb. 23, 2007), where a Rule 30(b)(6) deposition was quashed for the same reasons:

> [The SMB court's] persuasive reasoning applies equally here where the subjects outlined in the 30(b)(6) deposition notice on their face seek attorney work product and would require the deposition of EEOC counsel or a proxy prepared by counsel. The need to prepare a proxy would result in an undue burden to EEOC, particularly where the underlying factual information allegedly sought is obtainable through other discovery means. Moreover, the attendant objections to individual questions during the deposition on attorney-client privilege and work product grounds would likely involve recourse to this Court and a significant burden on this Court's time that would be lessened by other means of discovery.

*McCormick*, 2010 WL 2572809, at *5.

The Court in *McCormick* cited to numerous other cases in which federal courts have "concluded that 30(b)(6) deposition notices directed to a law enforcement agency involving the type

of information Defendants seek in this case were, in effect, notices to depose opposing counsel, and would not be permitted." *Id.* at *4.

IV. SPECIFIC RULINGS

The Court finds as follows with respect to particular topics[3]:

Topic 1: Factual information and Documents that support or rebut Plaintiff's allegation that Defendants engaged in a pattern or practice of intentional age discrimination in hiring.

This request seeks to depose a Rule 30(b)(6) witness concerning materials that the EEOC asserts have already been provided in discovery. While the request is framed as one for "factual information" and "documents," the witness, in explaining why certain documents "support" or "rebut" the allegations, would necessarily be asked to interpret the facts and discuss how the EEOC decided to proceed in preparing the case. This topic is not appropriate for a Rule 30(b)(6) deposition, nor is it appropriate for the investigator's deposition. *See EEOC v. Am. Int'l Group, Inc.*, 1994 WL 376052, at *2-3 (S.D.N.Y. Jul 18, 1994) (Rule 30(b)(6) witness does not have to answer questions relating to allegations in the complaint and possible defenses the defendant may have).

Topic 2: Factual information and Documents that describe, support or rebut the damages computation reflected in Plaintiff's Rule 26(a)(1) Disclosures.

Topic 3: Procedures, methodology, and criteria used to calculate equitable relief and remedies sought by Plaintiff in this Lawsuit, including liquidated damages, instatement or front pay in lieu of instatement.

A Rule 30(b)(6) deposition on these topics is unnecessary. The information requested can be adequately provided by written discovery, interrogatories, and a deposition of the EEOC's expert on

---

[3] As required by the Rule, the topics were delineated with respect to the Rule 30(b)(6) deposition. For clarity and convenience, the Court will employ the topics in defining the proper scope of the EEOC investigator's deposition.

damages.

> Topic 4: Factual information and Documents related to any communication between the Plaintiff and any Claimant, where such communication occurred prior to the establishment of an attorney-client relationship between that person and the Plaintiff.

Documents relating to the information sought in this topic should have already been provided to defendants in discovery. The Court notes that Texas Roadhouse did not claim in its Response to the EEOC's Motion for Protective Order (#148) that specific materials it has received in discovery require clarification or interpretation. *Compare, EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009) (EEOC investigator may be deposed where materials in discovery contain factual discrepancies, illegible entries, and other problems requiring explanation); *Little v. Auburn Univ.*, 2010 WL 582083 (M.D. Ala. Feb. 17, 2010)(EEOC investigator should be deposed to clarify ambiguities related to factual aspects of the material); *EEOC v. LifeCare Management Services, LLC,* 2009 WL 772834 (W.D. Pa. Mar. 17, 2009) (same). At the hearing, however, counsel for Texas Roadhouse complained that certain written materials produced by the EEOC were incomplete. For example, defendants could not discern who authored certain documents, or why certain portions of questionnaires provided by the EEOC were left blank. In response, the Court enlarged the number of interrogatories which had been allowed to the parties in the Amended Case Management Plan (#69, exh. 1, p. 4) to allow defendants to propound a reasonable number of questions addressing specific omissions or items in the discovery already provided which require clarification.

The Court now finds that in addition to propounding interrogatories, defendants also may depose the lead investigator on the case. The EEOC stated in its Motion for Protective Order that it has provided all non-privileged documents to defendants, and repeated this assertion at the hearing.

7

(#133, p. 6) Defendants are entitled to test this assertion by asking questions about whether the file is complete, how the documents provided were generated, and other questions designed to make sure they have all the documents to which they are entitled and that documents contained in the file are intelligible. For example, to the extent that the interrogatories posed do not clear up such issues, the lead investigator may be questioned with regard to documents that have already been turned over, concerning any omissions, items that need clarification, illegible entries, etc. *See EEOC v. Luihn Food Sys., Inc.*, 2011 WL 649794, at *4 (E.D.N.C. Feb. 11, 2011) (defendant can depose witness concerning accuracy and completeness of information provided in investigative file)*; EEOC v. Alberton's LLC*, 2007 WL 1299194, at *1 (D. Colo. May 1, 2007) (defendants need not be "content with the EEOC's investigation file," as answers to questions properly posed "may or may not be in the investigation file, or the information in the investigation file may not be complete.").[4]

> Topic 5: Factual information and Documents related to any communication between the Plaintiff and any applicant or potential applicant for a position at any Texas Roadhouse restaurant who is not a Claimant.

Although the wording of this topic does not make it clear, this information is not discoverable unless the communication was made pre-litigation, as defendants concede in their Opposition. ("Defendants' Topics only seek *factual* information regarding non-Claimants and communications between the EEOC and Claimants that occurred prior to the establishment of an attorney-client relationship . . . ." (#148, p. 13) (emphasis in original)). Plaintiff states that it has provided all pre-litigation materials pertaining to this request. As stated above, defendants may ask the investigator

---

[4] The scope of the inquiry is narrow. Robert An, the former lead investigator on the case, is in the best position to address the permitted questions. The Court sees no reason why the former Director of the EEOC's Boston Area Office, Robert Sanders, or the former IT worker, need be deposed. Questions pertaining to particular issues concerning Ms. Golden, who was an investigator on the case, can be handled through interrogatories or through questions posed to Mr. An, who was the lead investigator.

questions pertaining to whether the file is complete, and may ask questions regarding the circumstances of pre-litigation communications with claimants and non-claimants.

> Topic 6: Factual information and Documents related to any communication between Plaintiff and any current or former manager or his/her agent, employee or his/her agent, or agent of Defendants.

The EEOC concedes that "[c]ommunications between claimants or witnesses and EEOC investigators and staff, during the investigative process, are not, of course, attorney work product." (EEOC's Reply in Support of Motion for Protective Order #157, p. 5 n.8) Materials concerning pre-litigation communications should have been provided in discovery, and defendants may ask the investigator about any of these communications. Post-litigation communications are protected under the attorney work product privilege and are not discoverable. *See Gerber v. Down East Comty. Hosp.*, 266 F.R.D. 29, 31 (D. Me. 2010).

> Topic 7: The statistical analysis, including procedures, methodology, and criteria, used by Plaintiff to support its pattern or practice claim in this Lawsuit.

While defendants are entitled to discovery on this topic, a request for a deposition on this topic is premature, and in fact defendants have offered to postpone any Rule 30(b)(6) deposition on this topic until after Stage I expert discovery. (#133, p. 5 n.4) A Rule 30(b)(6) deposition is unnecessary on this topic as defendants can depose plaintiff's expert concerning statistical analysis procedures and methodology.

> Topic 8: Factual information and Documents relating to Plaintiff's investigation of the Charge, its October 8, 2010 Determination, and any attempts to conciliate the Charge.

Plaintiffs have assured the court, both at the hearing and in a separate filing (Plaintiff's Opposition to Defendant's Motion to Compel #125 at 4) that the defendants are already in possession

of all non-privileged portions of the administrative file, including notes of all witness interviews as well as documentary evidence collected during its investigation. The special interrogatories and the deposition of Kenneth An, as discussed in Topic 4, *supra*, will allow the defendants to test this assertion, as well as to clarify any omissions or unintelligible entries in the case file. No additional discovery will be permitted outside of the interrogatories and deposition. The investigation is deemed to have started on March 30, 2009, the day that the EEOC notified the defendants that they were under investigation. As to the topic of conciliation, the Court assumes that defendants, since they were participants in any attempt to conciliate the charge, have all the factual documents and information to which they are entitled. Defendants have not pointed to any particular documents or categories of information they are missing. (Defendants' Opposition to Plaintiff's Motion #148, pp. 7-8); *see EEOC v. Evans Fruit Co., Inc.*, 2012 WL 442025, at *3 (where defendant asked for materials relating to conciliation efforts, court "noted that Defendant, as the focus of the investigation and a participant in the conciliation process, must be largely aware of what the EEOC did and did not do in these respects.").

> Topic 9: Factual information and Documents that support or rebut any statement in Plaintiff's October 3, 2011 Press Release entitled "Texas Roadhouse Refused to Hire Older Workers Nationwide, EEOC Alleges in Lawsuit" ("Press Release") and "General Counsel Statement on The Texas Roadhouse Lawsuit," ("Statement").

For the reasons stated on the record at the August 21, 2014 hearing, this information is not discoverable at this time. If pre-trial publicity by the plaintiff has, in fact, tainted the jury pool, that is a matter for the trial judge to deal with at the time of trial. If defendants can point to some specific way in which the EEOC's statistical claims might be countered by evidence that the "media campaign" has discouraged older workers from applying for jobs, the Court will revisit the issue.

> Topic 10: Factual information and Documents concerning all individuals who contacted Plaintiff by telephone at (855) 556-1129 or by e-mail at texasroadhouse.lawsuit@eeoc.gov in accordance with the directions in the Press Release.

The Court assumes that the press release referenced is the one in the Defendants' Memorandum of Law in Support of Motion to Compel #118, p. 13, which was issued on the day that the EEOC filed this lawsuit. As this information does not pre-date the litigation, it is covered by the attorney work product privilege.

> Topic 11: Factual information and documents concerning Plaintiff's internal directives regarding the handling or investigation of systemic discrimination charges and the conciliation process.

The defendants are not entitled to discovery on this topic as it requests information protected by the governmental deliberative process. *See EEOC v. JBS USA*, 2012 WL 169981, at *5-6 (D. Neb. Jan. 12, 2012).

> Topic 14: Factual information and Documents relating to any statements Plaintiff has made publicly or to third parties referring to the Charge, the Lawsuit, or Texas Roadhouse.

For the reasons stated above with regard to topic 9, this request is denied.

## V. CONCLUSION AND ORDER

For the reasons stated above, EEOC's Motion for Protective Order Regarding Rule 30(b)(6) Deposition and Depositions of EEOC Investigator and Staff (#132) is ALLOWED in part and DENIED in part. The Rule 30(b)(6) deposition notice is quashed. The motion to quash the subpoenas of the four employees is ALLOWED with respect to three of them, but DENIED with respect to Kenneth An. Mr. An may be deposed on the topics in accordance with the Court's rulings in this Order.

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

September 9, 2014.