UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
EQUAL EMPLOYMENT                                   )
OPPORTUNITY COMMISSION,                             )
                                                   )
              Plaintiff,                           )
                                                   )
v.                                                 )          Civil Action No. 11-11732-DJC
                                                   )
TEXAS ROADHOUSE, INC., TEXAS                       )
ROADHOUSE HOLDINGS LLC, and                        )
TEXAS ROADHOUSE MANAGEMENT                         )
CORP., d/b/a TEXAS ROADHOUSE                        )
                                                   )
              Defendants.                          )
_____)


ORDER ON DEFENDANTS' REQUEST FOR LEAVE TO PROPOUND
ADDITIONAL INTERROGATORIES (#427)

November 23, 2015

KELLEY, U.S.M.J.

       In August, 2015, Plaintiff EEOC requested 25 additional interrogatories (#388) and after

a hearing (#390) Defendants filed an opposition (#394), the EEOC filed a response (#397), and

Defendants filed a reply (#401).  On October 2, the Court issued an electronic order allowing

Plaintiff's request (#407).  As stated in the order, the Court found that Plaintiff's request was

reasonable given that Defendants had disclosed 84 new Stage I witnesses less than ninety days

before the close of fact discovery.  The alternative was for the parties to conduct additional

depositions of these witnesses (as there are many hours of depositions still left for Plaintiff to

utilize).  The Court found that the use of interrogatories would be more efficient than having the

parties conduct depositions.  Thus the Court found that the EEOC had shown "good cause" for

the request under Rule 16(b)(4),  and had made out the "particularized showing" as to why

additional discovery was needed for the request under Rule 33.

At a telephone conference on October 13, Defendants asked that they, too, be given 25

additional interrogatories, arguing that it was only fair to give both sides the same number.

(Defendants likened their situation to one in which a mother had given one of her children extra

pieces of Halloween candy but had given another child none.)  The Court declined to give

Defendants additional interrogatories without any showing as to why they needed them.  On

October 27, Defendants filed a request for the additional interrogatories (#427) and on

November 10, the EEOC filed an opposition (#438).

At the outset, the Court notes that Defendants have not used up their original

interrogatories; according to the EEOC, Defendants have used 44 of their initial 50.  (#438 at 2.)

The additional interrogatories that Defendants propose to propound essentially ask the EEOC

what evidence they have that Defendants are guilty of age discrimination.  (#427 at 3-15.)

Defendants say that they require these interrogatories in order to "finalize their defense."  (#427

at 7.)  Defendants did not "need" these additional interrogatories before the EEOC received

additional interrogatories.  Thus, Defendant's argument boils down to: it is unfair to give one

side more interrogatories.

It bears repeating that the Court gave additional interrogatories to the EEOC because

shortly before the close of discovery, in a case that was filed in 2011, the Defendants disclosed

84 new Stage I witnesses to the EEOC.  The parties have had numerous disputes concerning the

scheduling of depositions.  This Court, at various points, has told the parties where they should

hold depositions, when, and how many.  Rather than have the parties engage in the usual

disputes about scheduling depositions, etc., and have the parties travel across the country in a short period of time to depose many of these witnesses, the Court permitted the EEOC to propound interrogatories, in the interest of efficiently moving the case forward.   Defendants' request, in contrast, was not in response to any development in the case, such as the noticing of numerous new witnesses.  It was simply in response to the EEOC's getting more interrogatories. Defendants have not demonstrated "good cause" under Rule 16 or the "particularized showing" under Rule 33 that is necessary.

Defendants cite cases in support of their proposition that the law requires that both sides have the same number of interrogatories.  In *Mendoza v. Regis Corp.*, No. SA-01-CA-0937-FB (NN), 2005 U.S. Dist. LEXIS 8518, at *13-14 (W.D. Tex. Mar. 21, 2005), the Court gave each side fifteen interrogatories at the beginning of post-judgment proceedings.  In *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2015 U.S. Dist. LEXIS 45976, at *49 (N.D. Cal. Mar. 17, 2015), in response to defendants' claim that each defendant should be allowed to serve 60 interrogatories, the court gave each side 60 interrogatories at the beginning of the case.   These cases are not the same as this case, where close to the end of discovery one side requested additional interrogatories specifically in order to respond to a situation that arose.

For the reasons stated above, Defendants' request for additional interrogatories (#427) is denied.

*/s/ M. Page Kelley*
*M. Page Kelley*
*United States Magistrate Judge*