UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>TEXAS ROADHOUSE, INC., TEXAS ROADHOUSE HOLDINGS LLC, and TEXAS ROADHOUSE MANAGEMENT CORP., d/b/a TEXAS ROADHOUSE,<br><br>Defendants. | Civil Action No. 1:11-cv-11732-DJC |

**[PROPOSED] ORDER REGARDING NON-CLEARED CHECKS**

A number of Claimants to whom checks from the QSF have been sent have not deposited or cashed their checks within the 90-day void date on the checks. The Consent Decree is silent on this issue. Because the Consent Decree will, absent amendment, terminate on September 30, 2020, and the Parties wish to bring finality to the check distribution process, the Parties have moved for an order that will clarify their obligations and the rights of the Claimants who have not deposited or cashed checks that have been issued.

The Court agrees that action is necessary. Without such an order, a final accounting will not be able to be completed and the QSF will need to stay open well past the current expiration date of the Decree. The Court therefore directs the Claims Administrator to inform Claimants whose checks have not yet cleared that, unless they contact EEOC by 45 days from the date of this Order, the check will not be re-issued and their right to receive the payment from the QSF will be terminated. Permission is also given for the Claims Administrator to inform the recipients

of any subsequently issued checks that the check will not be re-issued if received and not deposited or cashed within 90 days of its issuance.

**IT IS SO ORDERED.**

April 27, 2020

/s/ Denise J. Casper
United States District Judge